UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH KENT FARMS, L.L.C.,           CIVIL ACTION
on behalf of itself and All Others
Similarly Situated

                                                  NO. 13-428-SDD-RLB

VERSUS

MONSANTO COMPANY

## RULING & ORDER

This matter is before the Court on the *Motion to Stay All Proceedings Pending Transfer by the Judicial Panel on MultiDistrict Litigation* by Plaintiff, Joseph Kent Farms, L.L.C.[1] Defendant Monsanto Company has opposed the motion.[2] Before the Court is also a *Motion to Dismiss for Failure to State a Claim* by Defendant.[3] The Court has granted Plaintiff's motion for an extension of time to respond to the *Motion to Dismiss* so the Court can address the *Motion to Stay*.[4]

This case involves claims by the Plaintiff that the Defendant is liable to United States wheat farmers who sustained alleged injuries and damages resulting from Defendant's alleged widespread contamination of the U.S. wheat and wheat seed supply with its Genetically Modified Wheat see. Plaintiff claims there are sixteen (16) related pending actions against Monsanto. Plaintiff claims that this action and the sixteen (16) related

---

[1] Rec. Doc. No. 12.

[2] Rec. Doc. No. 17.

[3] Rec. Doc. No. 7.

[4] Rec. Doc. No. 14. The Plaintiff's opposition deadline was extended to October 18, 2013.

Doc#522

actions, which span nine (9) states, share factual and legal questions. The plaintiffs in these related actions have moved the JPML Panel to transfer and consolidate these suits in one of the following: the Eastern District of Washington; District of Oregon, Portland Division; District of Kansas; or the Eastern District of Missouri, for the purpose of coordinated pre-trial proceedings under 28 U.S.C. § 1407.[5] Although the parties in the present case do not agree on the appropriate transferee forum, Plaintiff argues that "[e]ven Defendant Monsanto 'agrees that these matters are appropriate for consolidation in multidistrict litigation.'"[6]

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[7] This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance."[8] When determining whether to exercise its discretion to stay proceedings, "relevant factors for the Court to consider include: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding

---

[5] See In re Genetically Engineered Wheat Litigation, MDL No. 2473 docket report, attached as Rec. Doc. No. 12-1.

[6] Rec. Doc. No. 12, p. 2, citing Response to Plaintiff's MDL Motion3, In re Genetically Engineered Wheat Litigation, MDL No. 2473 (J.P.M.L. July 12, 2013), ECF No. 24.

[7] Landis v. No. American Co., 299 U.S. 248, 254 (1936).

[8] Id. at 254–55.

Doc#522

duplicative litigation if the cases are in fact consolidated."[9]

In the present case, it is the opinion of this Court that a brief stay will not prejudice the parties and will, conversely, serve the interests of judicial economy. Considering the likelihood that this action, along with the related cases, will be consolidated and transferred, the Court is not inclined to move forward on Monsanto's *Motion to Dismiss* in this case. If the Panel denies the transfer, Monsanto may promptly move to lift the stay and resume the briefing schedule on this Motion.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the *Motion to Stay*[10] is GRANTED and captioned matter is STAYED.

Signed in Baton Rouge, Louisiana, on October 7, 2013.

*Shelly D. Dick*

JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[9] *Rizk v. DePuy Orthopaedics, Inc.*, No. 11-2272, 2011 WL 4965498 at *2 (E.D. La. Oct. 19, 2011), citing *La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, No. 09–235, 2009 WL 926982, at *1 (E.D.La. Apr. 2, 2009) (citation omitted).

[10] Rec. Doc. 12.

Doc#522